## Wharton *versus* Williamson.

A., the holder of a promissory note, discharged the drawer, for a valuable consideration, without the knowledge of the indorser. He then transferred the note to a stranger, who brought suit, and recovered the amount from the indorser. Assumpsit lies by the indorser, to recover from A. the amount which he has thus been compelled to pay.

Where the District Court set aside a verdict for the plaintiff, and entered judgment of *non suit*, and this judgment was reversed in error, a *venire de novo* is of course.

ERROR from the District Court of *Philadelphia:*

April 24–5, 1849.—The plaintiff's declaration set out that he had indorsed certain notes for one Stockton, by whom they had been negotiated for value to the defendants; that afterwards Stockton having become insolvent, the defendants, in consideration of the transfer to them of certain property by Stockton, had released and discharged Stockton from all liability on the said notes, which was done without the plaintiff's knowledge or assent; that afterwards, and before the maturity of the notes, the defendants had negotiated the notes, for value, to one Potter, who brought suit thereon against the plaintiff, and recovered the amount due on the notes, which the plaintiff had been compelled to pay. Whereby the defendants became liable, &c.

A count for money had and received was added.

Plea, the general issue.

The facts set forth in the special count were proved at the trial, and a verdict found for the plaintiff, reserving the question whether, under the pleadings and evidence, the present action was maintainable.

The court in *banc* set aside the verdict, and entered judgment of *non suit.*

*G. M. Wharton* and *Perkins* for plaintiff in error.—The defendants having, for a valuable consideration, discharged the drawer could not retain their claim against the endorser; nor could they, as they did, transfer the notes to a stranger. It was a fraud on their bargain; for the indorser, if compelled to pay, would have recourse over against the drawer; whereas he had been discharged by the holder, for a valuable consideration.

The money having thus been extorted from the plaintiff, entirely through the wrongful act of the defendants, an implied contract arises, on their part, to repay him. 1 *Car. M. & R.* 696; 5 *Tyr.* 409; 4 *Taunt.* 189; 6 *Bing.* 299; 4 *Nev. & Man.* 770; 3 *Ad. & Ell.* 335; 5 *B. & Ald.* 521; 5 *Barr,* 71; *Chit. on Cont.* 23–4; 7 *Wend.* 119; 1 *Green.* 76; *Chitty,* 594.

I.—R*

[Wharton *v.* Williamson.]

*H. M. Phillips*, contra, did not deny that a right of action accrued; but contended that the proper form was a special action on the case.

The court having determined to reverse the judgment, a doubt was expressed whether the judgment should be entered on the verdict, or a *venire de novo* awarded.

December 19.—The cause was again argued on this question by

*G. M. Wharton* and *Perkins*, for plaintiff in error.—By the act of assembly, the same effect is given to the act of the court as if there had been a demurrer to evidence, and the judge had entered a non suit at the trial. On demurrers to evidence, the damages are assessed conditionally. 1 *Tr. & Hal. Pra.* 363; 1 *Archl. Pr.* 186. The defendant chose to rest his case on the point reserved, having offered no evidence. A *venire de novo* is never granted, but where the verdict is insufficient to enable the court to enter judgment. 7 *T. R.* 52; 1 *S. & R.* 309; 5 *id.* 351; 5 *Bin.* 53; 1 *Raw.* 427; 2 *S. & R.* 185; 2 *H. Bl.* 187. This court stands in the position of the court below, who ought to have entered the judgment for the plaintiff. 4 *S. & R.* 396; 6 *W.* 513.

*McMurtrie* and *H. M. Phillips*, contra.—The judgment on the point reserved is to have the same effect as if entered at the trial. That is a *non suit*. Whenever there is a reversal, a *venire de novo* is of course; otherwise the defendant's case is never heard. He could not be asked to take a bill of exception after a judgment in his favor. So far as the act speaks of demurrers to evidence, it is disposed of by 10 *Barr*, 133. The only case on which, on reversing a judgment on a point reserved, the judgment can be final, is where a fatal objection to the plaintiff's right of action is apparent on the record; never where evidence may remove the difficulty, or establish a defence. That such a contingency is a sufficient reason to grant a venire, appears in 3 *Bar & Ald.* 632; 2 *Stra.* 1124; 1 *B. & Pul.* 339. The defendant might otherwise be concluded by a verdict on evidence insufficient in the opinion of the court below.

The opinion of the court was delivered by

COULTER, J.—At the last term this cause was argued, and the court determined to reverse or set aside the judgment of non suit entered by the court below, inasmuch as the action of assumpsit was, in the judgment of this court, well conceived, and would properly lie, under the facts and circumstances disclosed by the record, on the part of the plaintiff.

But it was ordered that the Court would hear further argument on the question, *whether judgment should be entered for the plaintiff by this court, or the record remitted for further proceeding?*

[Wharton *v.* Williamson.]

It would have been quite anomalous for the defendant to have sued out a writ of error to a judgment in his favor, to the whole extent of the case. It was much more reasonable that he should rely upon the usual course of sending the cause back, if the judgment of non-suit should be reversed by this court, for further proceedings; and, in that event, he would have the benefit of his bill of exceptions to evidence, either by the court below entering judgment on the verdict, or by this court directing a *venire de novo*. In either alternative, each party would have the benefit of the application of the law to his whole case.

But if this court were to enter judgment for the plaintiff, the defendant would altogether lose the benefit of his bill of exceptions, although, perhaps, it may have been well taken.

This judgment of non suit could not have been entered at common law; and it is doubtful whether it was properly directed under the act of assembly, because the defendant did *offer* evidence; and there is peculiar fitness in the phraseology of the statute, which may have been intended to meet the category of this case, to wit: when a defendant had *offered* evidence which was rejected, and the court sealed a bill of exceptions. But, under the practice, as this case will settle it, that will be of no moment.

The act of assembly is a useful one. It facilitates the despatch of business; concentrates the opinion of all the judges upon a point of law, which the judge sitting at the trial deems worthy of their consideration; and, no doubt, often prevents a case from being carried further. We are disposed, therefore, to give the act full play and scope, according to a liberal intendment of its phraseology, so as not to cut off, from either party, an important right.

The judgment of *non suit* is to be considered as if entered by the judge at the trial; and in this case it seems there was no motion for a *non suit*, which proceeded from the voluntary action of the court. When that judgment is removed, therefore, out of the plaintiff's way, the defendant ought to be remitted to his bill of exceptions, which would be lost to him forever, if this court entered judgment for the plaintiff.

We think it the most advantageous course for the practice, the profession, and a useful application of the provisions of the statute, to remit the cause, and direct a *venire de novo*.

Judgment reversed, and a *venire de novo* awarded.