488

# Andrew v. Harrah's Atlantic City Inc.

C.P. of Philadelphia County, March Term 2005, no. 3728.

*Stephen A. Sheinen,* for plaintiffs.
*Lawrence M. Kelly,* for defendant.

JACKSON, *J.,* January 22, 2007—The plaintiffs-appellants, Delores and Anthony Andrew, brought this action against defendant-appellee, Harrah's Atlantic City Inc., to recover damages sustained by plaintiff, Dolores Andrew, for personal injuries resulting from a fall off of a stool at defendant's casino; and damages sustained by plaintiff, Anthony Andrew, for loss of consortium.

A jury was selected on September 13, 2006. Prior to the commencement of the trial, defendant argued a motion in limine to preclude plaintiffs from eliciting testimony regarding prior incidents. This court granted defendant's motion at that time. Immediately following the ruling by this court, defendant made a motion for compulsory nonsuit. This court granted the motion and entered nonsuit on September 14, 2006.

On September 21, 2006, plaintiffs filed a "motion to remove nonsuit/motion for reconsideration of evidentiary ruling granting defendant's motion in limine." Notwithstanding plaintiffs' labeling of the motion, it is in effect a motion for post-trial relief pursuant to Pa.R.C.P. 227.1(a)(3).

On October 11, 2006, plaintiffs filed a notice of appeal to Superior Court. That appeal was marked "discontinued" with Superior Court on November 6, 2006. On December 19, 2006, this court denied plaintiffs' motion for post-trial relief and entered judgment in favor of defendant. Plaintiffs filed the instant appeal on December 27, 2006. In their statement of matters complained of on appeal, plaintiffs contend:

"(1) The trial court erred in granting defendant's motion for nonsuit and in denying plaintiffs' motion to remove nonsuit . . . .

"(2) The trial court abused its discretion in granting defendant's motion in limine precluding plaintiffs from eliciting testimony from defendant's employee regarding whether defendant had notice of the dangerous condition of its slot stools . . . .

"(3) The trial court erred in limiting plaintiffs' potential recovery to $15,000 . . . ."

Plaintiffs contend this court erred in granting defendant's motion for nonsuit and in denying plaintiffs' motion to remove nonsuit. "An order denying a motion to remove a compulsory nonsuit will be reversed on appeal only for an abuse of discretion or error of law." *Alfonsi v. Huntington Hospital Inc.,* 798 A.2d 216, 218 (Pa. Super. 2002). (citation omitted) "A trial court's entry of compulsory nonsuit is proper where the plaintiff has not introduced sufficient evidence to establish the necessary elements to maintain a cause of action, and it is the duty of the trial court to make a determination prior to submission of the case to a jury." *Id.* "In making this determination the plaintiff must be given the benefit of every

fact and all reasonable inferences arising from the evidence and all conflicts in evidence must be resolved in plaintiff's favor." *Id.*

In the instant case, prior to commencement of the trial, defendant argued a motion in limine to preclude testimony of evidence of prior slot stool accidents or events. This court granted that motion. Immediately following the ruling, defendant made a motion for compulsory non-suit. When this court questioned plaintiffs' counsel as to the argument on the motion, counsel replied, "I don't know how I can contest that." N.T., September 14, 2006, p. 24. After counsel requested that the transcript of his proffered witness be attached to the record, this court inquired again, "[s]o no further argument on the motion for nonsuit, counsel?", and plaintiffs' counsel replied, "[n]o." N.T., p. 25.

As there was no argument at the time of the motion for nonsuit, none can be argued at this point in time. Counsel did not preserve this issue for appeal. Hence, this court has nothing to address on this issue.

Plaintiffs contend this court abused its discretion in granting defendant's motion in limine precluding plaintiffs from eliciting testimony from defendant's employee regarding whether defendant had notice of the dangerous condition of its slot stools. Specifically, plaintiffs intended to present testimony from Alex Lovas, the security supervisor at defendant's casino, demonstrating that there were prior complaints at defendant's casino regarding loose slot stools, prior incidents of patrons having fallen off of loose slot stools, and an established duty to inspect the slot stools.

"[M]any jurisdictions, including New Jersey and Massachusetts, have not adopted a per se rule precluding the use of prior accidents as substantive evidence of a dangerous condition. The rationale for not adopting a per se rule of preclusion is that the practice conflicts with the modern rules of evidence, which emphasize a trial court's discretionary determination of relevancy. 'In determining relevance, the trial court should focus on "the logical connection between the proffered evidence and a fact in issue[,]" or "the tendency of evidence to establish the proposition that it is offered to prove." ' " *Wymbs v. Township of Wayne,* 163 N.J. 523, 750 A.2d 751 (2000). (citations omitted)[1]

In the instant case, when Mr. Lovas was questioned at his deposition regarding prior incidents, he testified that he couldn't remember any specific incidents where patrons complained of loose slot stools. When asked if he ever took a complaint himself, he responded, "I'm not positively sure but yes, probably." N.T., December 12, 2005, p. 45. When asked to clarify his answer to the question had he received any complaints from the time he started working at Harrah's until July 2003, he responded, "Yeah, I would say probably 75 percent sure that someone has made a complaint about slot stools in that 10-month period but I cannot remember any specific cases where I would know peoples' names." N.T., pp. 47, 48.

Further, with respect to plaintiff's stool specifically, Mr. Lovas couldn't remember ever inspecting her stool

---

1. New Jersey law is applicable as that is where the incident occurred. This court further notes, both counsel have relied on the cited case.

prior to the incident, ever hearing that her stool was loose, or if it was repaired prior to the incident. N.T., p. 54. When asked if he had ever heard of a patron falling off of a loose slot stool at Harrah's, Mr. Lovas testified "[a]gain, I don't remember any specific incidents, but I'm sure it occurred." N.T., pp. 55, 56.

Clearly, this testimony could not be admitted as substantive evidence of a dangerous condition. Mr. Lovas could not remember one specific incident of a complaint about a loose slot stool, let alone a prior fall off of a loose slot stool. Hence, this court properly precluded Mr. Lovas' testimony.

Plaintiffs contend this court erred in limiting plaintiffs' potential recovery to $15,000 per Pa.R.C.P. 1311.1. This court notes that plaintiffs had not briefed or argued this issue prior to appeal, however, it will address it as follows. After reviewing Pa.R.C.P. 52, this court agrees that the amended version of Pa.R.C.P. 1311.1 applies to the instant case. Hence, the maximum amount of damages recoverable per this stipulation would have been $25,000 if a nonsuit had not been entered. Since a nonsuit was entered, the issue is now moot.

For all of the above reasons, the order granting nonsuit should be affirmed.