732 A.2d 596

**Donald HARNISH and Robert and Sandra Geist, h/w**

v.

**SCHOOL DISTRICT OF PHILADELPHIA and Daniel J. Keating Company and Lott Constructors, Inc.**

**Appeal of Daniel J. Keating Company.**

Supreme Court of Pennsylvania.

Submitted May 7, 1999.

Decided June 22, 1999.

Daniel J. O'Brien, Ronald A. Krause, Philadelphia, for Daniel J. Keating Company.,

David K. Itkoff, Penns Park, Brandon Swatz, Holland, for Harnish and Geist.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN, and SAYLOR, JJ.

### OPINION OF THE COURT

FLAHERTY, Chief Justice.

The issue in this case is whether a court may enter a nonsuit pursuant to Pa.R.C.P. 230.1 when defense evidence was introduced before the nonsuit was granted, in violation of the rule, but the court performed a harmless error analysis, concluding that the defense evidence was not utilized in making the decision to enter the nonsuit.

At the close of appellees' personal injury case, appellants' counsel moved for a nonsuit. The trial court stated that it would hold the motion in abeyance and allow appellants to raise it after the recess "without prejudice" on account of any testimony that would be taken in the meantime. Appellants (defendants below) put on two witnesses and the trial court then heard the motion for nonsuit during luncheon recess. The trial court granted the motion for nonsuit and stated that it considered only the evidence as it existed at the close of the appellees' (plaintiffs') case.

Because the School District of Philadelphia was originally a party to the case, appellees' appeal to Superior Court was transferred to Commonwealth Court. Although the school district is no longer a party, Commonwealth Court declined to transfer the case back to Superior Court, reversed the trial court's grant of nonsuit and remanded the case for a new trial. The basis for this action was a line of Commonwealth Court cases which apply a per se rule requiring remand and retrial

of any case in which a nonsuit is entered after any evidence is offered by a defendant.

Because there is a conflict between Superior Court and Commonwealth Court on the issue of whether a remand is absolutely required when a nonsuit has been entered after any evidence is offered by the defendant, or whether the nonsuit may stand subject to a harmless error analysis, we granted allocatur to resolve the conflict.

Rule 230.1 provides:

**RULE 230.1   COMPULSORY NONSUIT AT TRIAL**

In a case involving only one defendant, at the close of plaintiff's case on liability and before any evidence on behalf of the defendant has been introduced, the court, on the oral motion of a party, may enter a nonsuit if the plaintiff has failed to establish a right to relief. . . . If the motion is granted, the plaintiff may file a written motion for the removal of the nonsuit.

Superior Court has interpreted the rule to allow for entry of a nonsuit after defendant has admitted some evidence if the entry of the nonsuit was "harmless error." In *Kratt v. Horrow*, 455 Pa.Super. 140, 687 A.2d 830, 831 (1996), for example, the court stated:

[E]ven though it was procedurally improper for the trial court to enter a nonsuit, we find that as a matter of law the error was harmless. We reach this determination upon a review of the evidence which discloses that the trial court did not take [defendant's] testimony into consideration in disposing of the nonsuit motion.

Commonwealth Court, on the other hand, has stated that in its view any violation of Rule 230.1 is reversible error and that the question of whether the plaintiff has established a right to relief is irrelevant. *Robinson v. City of Philadelphia*, 149 Pa.Cmwlth. 163, 612 A.2d 630, 632–33 (1992). In the present case, Commonwealth Court stated:

A motion for compulsory nonsuit allows a defendant to test the sufficiency of a plaintiff's evidence. A judgment of nonsuit can be entered only in clear cases, and a plaintiff

must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in the plaintiff's favor. . . .

The Supreme Court has strictly enforced Pa.R.C.P. No. 230.1 and held that a trial court is prohibited from granting a motion for nonsuit where the defendant offers evidence either during the plaintiff's case or after it. *Atlantic Richfield Company v. Razumic,* 480 Pa. 366, 390 A.2d 736 (1978). This Court has adopted the reasoning of the Supreme Court and held that the rule expressly prohibits a trial court from entering a nonsuit after a trial court has allowed a defendant to present evidence.

(Citations omitted.)

In *Atlantic Richfield Co. v. Razumic,* 480 Pa. 366, 390 A.2d 736 (1978), ARCO terminated a dealer's lease of one of its service stations and ordered him to vacate the premises. The dealer had operated the station pursuant to ARCO leases for approximately twenty years and he refused to move, alleging that the termination of his lease was unlawful. ARCO sued in assumpsit for fair rental value of the premises while the dealer remained after termination of the lease and in ejectment. The dealer answered and raised new matter and a counterclaim requesting damages for ARCO's abrupt termination of the lease. After both parties presented evidence, the trial court granted ARCO's motions for a directed verdict of possession and for a compulsory nonsuit of the dealer's counterclaim. Among the issues before this court was whether it was error for the trial court to grant ARCO's motion for a compulsory nonsuit on the dealer's counterclaim for damages after the dealer had presented evidence in the case. This court stated:

A motion for compulsory nonsuit allows a defendant to test the sufficiency of a plaintiff's evidence. . . . To assure that the trial court considers the motion only on the basis of evidence favorable to the plaintiff, the Act expressly limits the court's authority to grant a nonsuit to those instances where a defendant has "offer[ed] no evidence." Our cases have strictly enforced the terms of the Act [of March 11,

1875, P.L. 6, permitting entry of a nonsuit], prohibiting the trial court from granting the motion where the defendant offers evidence either during the plaintiff's case . . . or after it. . . . . We have even held that where the defendant exceeds proper bounds of cross-examination so as to elicit matters constituting a defense to the cause of action, the trial court is without authority to enter a nonsuit. . . .

Here, though Arco did not offer the Hertz agreement and the 1970 federal tax return until after it argued for a nonsuit, the trial court still had before it Arco's evidence when it evaluated the motion. We think the express language of the Act of March 11, 1875 and our cases strictly interpreting it compel the conclusion that the court could not enter a nonsuit because Arco had offered evidence.

Arco alternatively contends that, even if its offer of evidence prevented the trial court from entertaining the motion, the error was harmless because Razumic [the dealer] failed to meet his burden of showing damages. We do not agree. At trial, [an expert witness] . . . testified for Razumic concerning the likely loss of income resulting from Arco's termination of the parties' business relationship. [The witness] calculated that Razumic would likely receive a greater future income as an Arco dealer and Hertz franchisee than he would without a supply of gasoline while still marketing other automotive services and renting Hertz vehicles. We think this evidence was sufficient to prove damages resulting from Arco's arbitrary, unlawful termination of the parties' franchise agreement and therefore Razumic must be awarded a new trial on this issue.

390 A.2d at 744–45 (Citations omitted).[1]

We acknowledge that our holding in *Razumic* is susceptible to either the interpretation given by Superior Court or the

---

1. As noted above, the Act referred to in *Razumic* is Section 1 of the Act of March 11, 1875, P.L. 6, as amended, 12 P.S. § 645, authorizing entry of a compulsory nonsuit. This act was repealed by effective June 27, 1980 by JARA, but remains in effect as part of the common law by virtue of Section 3(b) of JARA, 42 P.S. § 20003(b). Pa.R.C.P. 230.1 is adapted from the statute. See Explanatory Comment—1983, Pa.R.C.P. 230.1.

converse interpretation given by Commonwealth Court. In favor of Superior Court's interpretation is that the Razumic court considered ARCO's claim that Razumic did not make out a case of damages, which is in essence a claim of harmless error. The argument is that whether or not the defendant presented evidence, the plaintiff cannot prevail because he has no damages. If harmless error were not a consideration in determining the appropriateness of the entry of a nonsuit, presumably the *Razumic* court would have refused to discuss the question of damages and would have said that the nonsuit was improper because Arco had offered evidence. But instead, the court discussed the merits of the claim.

On the other hand, that discussion is dicta, for it follows the court's determination that the act and precedent "compel the conclusion that the court could not enter a nonsuit because Arco had offered evidence." Moreover, it appears impossible to devise a definition of "harmless" error which the reviewing courts can use in determining whether nonsuit was proper. If "harmless" means that in deciding the motion for nonsuit, the court had before it some evidence offered by the defendant, but that this evidence did not contradict the plaintiff's case, then it would apply to very little indeed.

If, on the other hand, "harmless" error is that in deciding the motion for nonsuit, the court had before it defendant's evidence which *did* contradict the plaintiff's case, but the court did not consider such evidence in entering a nonsuit, the question then becomes how the reviewing court knows what the trial court considered. There are many situations in which reviewing courts simply rely on trial courts to ignore improper evidence and accept the trial court's statement that such evidence was not considered. Rule 230.1, however, requires that a nonsuit may be entered only "before any evidence on behalf of the defendant has been introduced." If the rule had been intended to permit a court to consider a nonsuit even after the defendant has introduced evidence, presumably the rule could have expressed that although a nonsuit may be granted after defendant has introduced evidence, the court must consider only plaintiff's evidence as if no evidence had

been introduced by the defendant. However, the rule does not so state, and reliance on what the trial court says it considered would swallow what the rule does state.

As this court stated in *Highland Tank & Mfg. Co. v. Duerr,* 423 Pa. 487, 225 A.2d 83, 84–85 (1966):

"While in some jurisdictions nonsuits may be asked at any time before a verdict, it seems in our jurisdiction a compulsory nonsuit for insufficiency of the evidence may be moved for or granted only whenever the defendant upon the trial of the cause has offered no evidence.... After the presentation of evidence in defense, a binding instruction or direction of a verdict is the proper method of terminating the action where there is insufficient evidence to support it."

Citing *Smith v. Ehler,* 366 Pa. 111, 76 A.2d 865 (1950).

Accordingly, we hold that pursuant to Pa. R.C.P. 230.1, where the defendant has offered evidence during or after the plaintiff's case, a nonsuit may not be granted and that a reviewing court may not consider harmless error in affirming or reversing the nonsuit.

The order of Commonwealth Court is affirmed.