**Todd DEILEY, Appellant,**

v.

**QUEEN CITY BUSINESS CENTER ASSOCIATES, Appellee.**

Superior Court of Pennsylvania.

Argued June 7, 2000.
Filed Aug. 2, 2000.

Marc I. Rickles, Newtown, for appellant.

John M. Donahue, Philadelphia, for appellee.

Before JOHNSON, STEVENS and BECK, JJ.

STEVENS, J.:

¶ 1 Appellant appeals from the order denying his Motion to Remove Compulsory Nonsuit, which compulsory nonsuit the Court of Common Pleas of Lehigh County entered during the parties' civil trial. Because Appellee elicited testimony and introduced documentary evidence amounting to a possible defense to the negligence cause of action filed against it, we find that the court was without authority to enter nonsuit. Therefore, we remand for a new trial.

¶ 2 Appellant received burns to ninety percent of his body in a worksite accident when he fell into one of two large pits of hot water used by his employer, Tuscarora Plastics, Inc., in the manufacturing of polystyrene packaging forms. Appellant subsequently commenced an action in negligence and strict liability against Appellee, which owned the industrial property and leased it to Tuscarora. Appellant claimed in the complaint that Appellee failed to maintain the leased premises in a safe condition when it permitted the construction and operation of the floor-level pits.

¶ 3 A jury trial began on February 1, 1999, and Appellants sought to establish, *inter alia*, the hazard inherent in the floor pits, the absence of safety features incorporated in the pits, the extent of Appellee's retained control over the premises by virtue of its lease with Tuscarora, and Appellee's knowledge of the pits and its acquiescence to their continued operation. At the close of Appellant's case-in-chief, the trial court granted Appellee's motion for compulsory nonsuit pursuant to Pa.R.C.P. 230.1 and denied Appellant's subsequent post-trial motion to remove the nonsuit. Appellant, thereafter, filed timely notice of appeal challenging the court's order refusing to remove nonsuit.

¶ 4 Shortly after the time of trial below, the Supreme Court held that "pursuant to Pa.R.C.P. 230.1, where the defendant has offered evidence during or after the plaintiff's case, a nonsuit may not be granted and that a reviewing court may not consider harmless error in affirming or reversing the nonsuit." *Harnish v. School Dist. of Philadelphia*, 557 Pa. 160, 163–64, 732 A.2d 596, 599 (1999). In support of its holding, the Court relied on its earlier decision in *Atlantic Richfield Co. v. Razumic*, 480 Pa. 366, 390 A.2d 736 (1978), in which it reasoned:

A motion for compulsory nonsuit allows a defendant to test the sufficiency of a plaintiff's evidence.... To assure that the trial court considers the motion only on the basis of evidence favorable to the plaintiff, the [Rule 230.1] expressly limits the court's authority to grant a nonsuit to those instances where a defendant has "offered no evidence." Our cases have strictly enforced the terms of [Rule 230.1], prohibiting the trial court

from granting the motion where the defendant offers evidence either during the plaintiff's case ... or after it.... We have even held that where the defendant exceeds proper bounds of cross-examination so as to elicit matters constituting a defense to the cause of action, the trial court is without authority to enter a nonsuit....

390 A.2d at 744–45 (Citations omitted).

¶ 5 A thorough review of the trial transcript reveals that Appellee occasionally elicited testimony on cross-examination that extended beyond direct testimony in order to present a possible defense to the negligence action. Specifically, Appellant presented his own testimony and the expert testimony of Dr. John Geremia as to the allegedly unsafe conditions of the manufacturing plant. On cross-examination, however, counsel for Appellee not only sought to refute the allegations made of the plant conditions, he developed further testimony suggesting that Appellant's carelessness was the actual cause of the accident.

¶ 6 Drawn from Appellant was testimony that he wore "old sneakers" at the time of the accident, N.T. at 105, and that he caused water and styrofoam pieces to fall around the perimeter of the pits as he performed his job of skimming residual styrofoam from the water's surface, N.T. at 106. Moreover, Appellant was confronted on cross-examination with his earlier deposition in which he stated that "if I would have been more careful I probably would not have ended up where I did." N.T. at 140. Likewise, Appellee confronted Dr. John Geremia with the possibility that his conclusion as to the cause of Appellant's accident was flawed because it failed to factor Appellant's own testimony that he could have been more careful around the pits. N.T. at 259.

¶ 7 Appellee's cross-examination, therefore, went beyond the scope of testimony on direct by introducing a possible alternate cause of Appellant's injury. If successful, such a strategy would have prevented Appellant from proving the causation element of his claim and would have, therefore, amounted to a defense against Appellant's claim. *See Ferry v. Fisher*, 709 A.2d 399, 402 (Pa.Super.1998) (holding that the elements of negligence are duty owed, a breach of that duty, a causal connection between the breach and the resulting injury, and actual damages or loss).

¶ 8 We also note that counsel for Appellee admitted into evidence three defense exhibits, including one doctor's statement clearing Appellant for full-time employment with no restrictions and two employment applications upon which Appellant indicated he had no physical limitations precluding him from performing any work. N.T. at 120–121, 125, 126–127. While Appellee presumably offered the exhibits to impeach Appellant's veracity as a witness and to challenge assertions made as to the extent of his debilitation, the introduction of those defense exhibits precluded Appellee from later seeking relief under Rule 230.1.

¶ 9 After the presentation of such defense evidence, only a binding instruction or direction of verdict would have been the proper course of terminating the within action if the trial court believed that Appellant failed to establish his right to relief. *See Harnish*, 557 Pa. at 166, 732 A.2d at 599. Thus, remand on such basis is necessary.

¶ 10 Order reversed. Remanded for a new trial consistent with the foregoing. Jurisdiction relinquished.