IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sekema Gentles,                          :
                                         :
                    Appellant            :
                                         :
          v.                             : No. 452 C.D. 2017
                                         : Submitted: September 14, 2018
City of Philadelphia, Matthew Kalita,    :
Thomas Hayes, and Linda Green            :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  February 25, 2019

          Sekema Gentles (Appellant), proceeding *pro se*, appeals from the order
of the Court of Common Pleas of Philadelphia County (trial court) denying his
motion for post-trial relief to remove a compulsory nonsuit entered in favor of the
City of Philadelphia, two City Police Officers, Matthew Kalita and Thomas Hayes
(City Appellees), and private citizen, Linda Green (collectively, Appellees).
Appellant maintains that the trial court erred by removing a malicious prosecution
claim from the jury, entering a compulsory nonsuit as to the remaining claims, and,
concomitantly, violating the doctrines of res judicata, collateral estoppel and
coordinate jurisdiction.  Discerning no error, we affirm.


                              **I. Background**

          On March 18, 2014, Appellant filed a Complaint against Appellees for
an incident that occurred on November 6, 2011.  According to the Complaint,

Appellant's mother owns rental property, which Appellant managed and Green (Tenant) leased.

Appellant alleged that, on November 6, 2011, he visited the property to address a maintenance issue. Tenant's son let Appellant in. Once Tenant discovered Appellant in her home, she told him to leave and assaulted him. Appellant called the police and Officers Hayes and Kalita arrived at the scene. Tenant accused Appellant of entering her rented premises without permission and assaulting her. Officers arrested Appellant. At the time of his arrest, Appellant was on parole after a ten-year sentence for attempted murder, and as a result, he served seven months in jail until freed on a writ of habeas corpus on the new charges. Appellant was acquitted of all charges brought against him on June 1, 2012.

In his Complaint, Appellant asserted three causes of action against Appellees:

FIRST CAUSE OF ACTION [(Count I)]
40 Defendant City of Philadelphia employees, defendants Hayes and Kalita acting under color of state law acted arbitrarily and negligently when they arrested [Appellant] without reasonable investigation; wantonly disregarding the facts provided them by [Appellant] and corroborated with documentation by the landlord.

SECOND CAUSE OF ACTION [(Count II)]
41 Defendant City of Philadelphia employees, Defendants Hayes and Kalita, under color of law, acted in concert with a private citizen, Defendant [Tenant], to deprive [Appellant] of his right to be free of unreasonable seizures, effected by official negligent failure to conduct a reasonable investigation into the facts known to them at the time of arrest, deliberate indifference and a fraudulent utterance to authorities in violation of 18 Pa.C.S.[] [§]4904.

2

THIRD CAUSE OF ACTION [(Count III)]

> 42 Defendant [Tenant] successfully designed and executed an elaborate scheme to defraud and incarcerate plaintiff with fraudulent sworn and unsworn utterances to authorities in violation of 18 Pa.C.S.[] [§]4904, maliciously abusing civil processes (including Civil Complaint at No. 131001019) for unlawful purposes and ill-gotten financial gains.

Original Record (O.R.) at 257-58.[1]

Tenant filed preliminary objections (POs) objecting to the service of process, rule violation and scandalous material in the Complaint and demurring on the basis that Appellant failed to allege facts that would set forth a cause of action for false arrest, which Judge Mary Colins of the trial court denied.

Thereafter, City Appellees filed a motion for summary judgment as to Counts I and II on the basis that these causes of action, which they interpreted as a false arrest claim and assault and battery claim, respectively, were time-barred. O.R. at 207-08. Judge Ellen Ceisler[2] of the trial court partially granted the motion as to Count I of the Complaint (false arrest) on the basis it was barred by the two-year statute of limitations, but denied the motion as to Count II.[3]

From there, the case moved to non-binding arbitration. The arbitrators found in favor of City Appellees, but ordered Tenant to pay Appellant $10,000. Appellant and Tenant both appealed and requested a jury trial. The parties filed pre-trial motions, including Appellant's motion *in limine*, in which he asserted that he

---

[1] Because the Original Record was e-filed, the page numbers reflect electronic pagination.

[2] As of January 2018, Judge Ceisler now serves as a commissioned judge of this Court.

[3] Judge Ceisler did not explain her reasoning. Appellant does not challenge this ruling on appeal.

3

pled a cause of action for malicious prosecution. The trial court did not rule on the motion prior to trial.

In November 2016, the matter proceeded to trial on Counts II and III. Judge Michael Erdos of the trial court presided over the three-day jury trial, which was held on November 1-3, 2016. On day one, the trial court heard argument on Appellant's motion *in limine*. The trial court denied the motion, finding that Appellant did not plead this claim. O.R., Notes of Testimony (N.T.), 11/1/16, at 5-6.

After the presentation of Appellant's evidence, Appellees moved for compulsory nonsuit. The trial court granted nonsuit for want of timeliness per the statute of limitations for the causes of action asserted in Count II and for lack of evidence for claims asserted in Count III. The trial court interpreted Count II's "unreasonable seizure" claim as a claim asserting assault and battery, false arrest or even false imprisonment, all of which have a two-year statute of limitations that had run. N.T., 11/3/16, at 31-32. To the extent that Count II contained a negligence claim for failure to conduct a reasonable investigation, the trial court ruled that this too was barred by a two-year statute of limitations. *Id.* at 32. With regard to Count III, the trial court found that there was no allegation or evidence that Tenant made a false statement. *Id.* at 32-33.

Thereafter, Appellant timely filed a motion for post-trial relief to remove entry of the nonsuit,[4] which Judge Erdos denied. Appellant timely

---

[4] Pennsylvania Rule of Civil Procedure 227.1(2)(2) requires a party to file written post-trial motions within ten days after notice of a nonsuit. Pa. R.C.P. 227.1(c)(2).

appealed.[5]  Appellant filed a statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(b), as directed by the trial court.  However, because Appellant did not request the trial transcript in a timely manner, the trial court did not file a 1925(a) opinion.[6]

## II. Issues

In this appeal,[7] Appellant argues that the trial court erred by denying his motion *in limine* and removing his malicious prosecution claim from the jury.

---

[5] Appellant filed his appeal with the Pennsylvania Superior Court, which transferred the matter to this Court.  *See* Superior Court Order, 3/10/17.

[6] Pennsylvania Rule of Appellate Procedure 1911, Pa. R.A.P. 1911, requires an appellant to "request any transcript required under this chapter" and provides that the trial court may take such action as it deems appropriate, including dismissal of the appeal, if an appellant fails to comply.  The trial court opined it could not write an adequate opinion without the trial transcript and requested the dismissal of his appeal for failure to comply with Rule 1911.  Trial Court Opinion, 3/7/17, at 2.  This Court directed Appellant to request and pay for the trial transcripts.  Commonwealth Court Order, 11/14/17.  Thereafter, we directed the trial court to transmit a supplemental record containing the missing transcripts of the proceedings, which it did.  Commonwealth Court Order, 11/2/18.  Because the record on appeal is complete, we decline to dismiss the appeal on this basis.

[7] The well-settled standard of review we apply when reviewing a trial court's ruling on a motion *in limine* is as follows:

> When reviewing the denial of a motion *in limine*, this Court applies an evidentiary abuse of discretion standard of review.  It is well-established that the admissibility of evidence is within the discretion of the trial court, and such rulings will not form the basis for appellate relief absent an abuse of discretion.  Thus, [we] may reverse an evidentiary ruling only upon a showing that the trial court abused that discretion.  A determination that a trial court abused its discretion in making an evidentiary ruling may not be made merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or

He also argues that the trial court erred by entering nonsuit in favor of Appellees on his other causes of action.  Finally, he claims that the trial court violated principles of law, namely, res judicata, collateral estoppel and coordinate jurisdiction.

### III. Discussion
### A. Malicious Prosecution

First, Appellant argues that the trial court erred by removing his malicious prosecution claim from the jury.  Although Appellant did not specifically plead a malicious prosecution claim, he contends that when Count II is read with the Complaint in its entirety, a malicious prosecution claim was made.  Because Appellant represented himself, he argues that the trial court should have construed his Complaint liberally.

---

> partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.  Further, discretion is abused when the law is either overridden or misapplied.

*Commonwealth v. Hoover*, 107 A.3d 723, 729 (Pa. 2014) (internal citations, ellipsis, and quotation marks omitted).

> Our standard of review regarding the entry of nonsuit is also well settled:

> On appeal, entry of a compulsory nonsuit is affirmed only if no liability exists based on the relevant facts and circumstances, with appellant receiving the benefit of every reasonable inference and resolving all evidentiary conflicts in appellant's favor. The compulsory nonsuit is otherwise properly removed and the matter remanded for a new trial.

*Scampone v. Highland Park Care Center*, 57 A.3d 582, 595-96 (Pa. 2012) (citations and quotations omitted).  The appeal lies not from the entry of the judgment itself, but rather from the court's refusal to remove it.  *Murphy v. International Druidic Society*, 152 A.3d 286, 289 (Pa. Super. 2016).  We review the evidence to determine whether the trial court abused its discretion or committed an error of law when granting a nonsuit.  *Barnes v. Alcoa, Inc.*, 145 A.3d 730, 735 (Pa. Super. 2016).

Pennsylvania is a fact-pleading state. *Bricklayers of W. Pennsylvania Combined Funds, Inc. v. Scott's Development Co.*, 90 A.3d 682, 695 n.14 (Pa. 2014). The complaint must apprise the defendant of the claim being asserted and summarize the essential supporting facts. *Id.* at 694. Pennsylvania Civil Rule of Procedure 1019(a) provides that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa. R.C.P. No. 1019(a). Further, "[e]ach cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief." Pa. R.C.P. No. 1020(a).

A plaintiff is not required to state the legal theory or theories underlying his complaint. *412 N. Front Street Associates, LP v. Spector Gadon & Rosen, P.C.*, 151 A.3d 646, 656 (Pa. Super. 2016); *DelConte v. Stefonick*, 408 A.2d 1151, 1153 (Pa. Super. 1979). Rather, Rule 1019(a) merely requires a plaintiff to plead only allegations of the "material facts on which a cause of action . . . is based." *DelConte*, 408 A.2d at 1153 (quoting Pa. R.C.P. No. 1019(a)). "The obligation to discover the cause or causes of actions is on the court: the plaintiff need not identify them." *DelConte*, 408 A.2d at 1153. In that regard, the complaint must be read as a whole. *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (Pa. 1983).

Moreover, the "'allegations of a *pro se* complainant are held to a less stringent standard than that applied to pleadings filed by attorneys.'" *Rosario v. Beard*, 920 A.2d 931, 934 (Pa. Cmwlth. 2007) (quoting *Danysh v. Department of Corrections*, 845 A.2d 260, 262-63 (Pa. Cmwlth. 2004), *aff'd*, 881 A.2d 1263 (Pa. 2005)). A court will examine the allegations of the pleading, "however inartfully pleaded," to determine if a *pro se* plaintiff would be entitled to relief if the facts averred are proven. *Commonwealth ex rel. Saunders v. Creamer*, 345 A.2d 702, 706 n.5 (Pa. 1975). "Where these allegations are adequately set forth, a *pro se* complaint

will not be dismissed just because it is not artfully drafted." *Hill v. Thorne*, 635 A.2d 186, 189 (Pa. Super. 1993).

Generally, a cause of action for malicious prosecution must assert three elements. *Kelley v. General Teamsters, Chauffeurs and Helpers, Local Union 249*, 544 A.2d 940, 941 (Pa. 1988). "The defendant must have instituted proceedings against the plaintiff 1) without probable cause, 2) with malice, and 3) the proceedings must have terminated in favor of the plaintiff." *Id.* The statute of limitations for a malicious prosecution claim, which is two years,[8] does not begin to run until the plaintiff is acquitted, rather than arrested. *Sicola v. First National Bank of Altoona*, 170 A.2d 584, 586 (Pa. 1961).

"Probable cause is a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that the party is guilty of the offense." *Tomaskevitch v. Specialty Records Corp.*, 717 A.2d 30, 33 (Pa. Cmwlth. 1998), *appeal denied*, 740 A.2d 236 (Pa. 1999) (citing *Hugee v. Pennsylvania Railroad Co.*, 101 A.2d 740, 742 (Pa. 1954)). "'Absence of probable cause is an indispensable element of the [malicious prosecution] action and it is not conclusively established by an adjudication of [not guilty] in the prior proceedings.'" *Id.* (quoting *Turano v. Hunt*, 631 A.2d 822, 824 (Pa. Cmwlth. 1993), *appeal denied*, 647 A.2d 905 (Pa. 1994)). Conversely, "[t]he showing of probable cause is an absolute defense to a charge of malicious prosecution." *Id.* "Malice may be inferred from the absence of probable cause." *Kelley*, 544 A.2d at 941.

Here, Appellant stated his third cause of action as follows:

---

[8] Section 5524(1) of the Judicial Code, 42 Pa. C.S. §5524(1).

8

> Defendant [Tenant] successfully designed and executed an elaborate scheme to defraud and incarcerate plaintiff with fraudulent sworn and unsworn utterances to authorities in violation of 18 Pa.C.S.[] [§]4904, maliciously abusing civil processes (including Civil Complaint at No. 131001019) for unlawful purposes and ill-gotten financial gains.

O.R. at 258. The trial court found that Appellant did not plead a malicious prosecution claim and denied Appellant's motion *in limine*. N.T. at 4.

Upon review, we agree that the necessary elements of a malicious prosecution claim were not pled in Count III or elsewhere in the Complaint. Viewing the Complaint as a whole, Appellant does not invoke the phrase "malicious prosecution" nor does he make any assertion that Appellees acted without probable cause and with malice. Although Appellant asserts that the arrest was made solely on false statements made by Tenant, as the trial court pointed out, there are no statements alleged in the Complaint that Tenant actually made to the officers. N.T., 11/3/16, at 103-04. Moreover, the allegations pertain to the arrest, not the subsequent criminal prosecution or post-arrest conduct. Upon review, the trial court did not err in determining that Appellant did not plead a cause of action for malicious prosecution.

Even assuming a malicious prosecution claim can be gleaned from Appellant's Complaint, Appellant presented no evidence at trial to support such a claim. There was no evidence that the police officers did not have probable cause, *i.e.*, reasonable grounds of suspicion supported by the circumstances sufficient to warrant an arrest. *See Tomaskevitch*, 717 A.2d at 33.

Officer Hayes testified that he arrived at the scene, briefly spoke to Appellant, and then entered the premises. Inside, he observed Tenant "very upset," "crying," "shaking," and "in disarray." N.T., 11/2/16, at 63. Officer Hayes testified

9

that "she was crying hysterically. Her clothes was [sic] in disarray, the house was in disarray. It appeared she was involved in a physical altercation." According to Officer Hayes, "[i]t appeared to us that a struggle ensued. It appeared to me during my initial response there and during my training and experience that [Tenant] was assaulted." *Id.* Tenant stated that Appellant "assaulted her, punched her in the chest. I initiated an arrest." *Id.* Officer Hayes continued:

> We base our arrests on statements from a complainant and an offender. Now, these statements that are given by each of the people, are going to be in conflict. We have to use facts and circumstances to initiate arrests. Any reasonable person would agree with me that there was a physical altercation between these two folks, okay? He is six-foot. She is five-foot, okay? She is crying. He is not. Her shirt, you could see it was stretched wrinkled. It was obviously [sic] that a physical altercation occurred. [Tenant] stated that he did this to her. There was an arrest.

*Id.* at 63-64. According to Officer Hayes, Tenant told the officers that Appellant came into her home unannounced and a verbal dispute ensued, which escalated into a physical altercation. She also told officers that Appellant assaulted her. Officer Hayes testified that he had no reason not to believe Tenant. *Id.* at 85.

Similarly, Officer Kalita recalled the events on November 6, 2011, that Appellant entered Tenant's property and they had a verbal argument about the heater not working properly, which escalated into a physical altercation. *Id.* at 154. Tenant told officers that Appellant assaulted her. *Id.* Officer Kalita observed that Tenant was "very upset" and had "a pull on her shirt." *Id.* at 166-67.

In addition, Tenant testified that, on the day of the incident, she awoke after hearing a noise. Upon investigating, she discovered Appellant in her basement, doing maintenance work. She confronted him, arguing that he should not be in her

10

home. At which point, Appellant punched her in the chest and "pinned her on the steps," while she was doing everything she could to get him off of her. N.T., 11/2/16, at 97, 126-30. She reported the same to the officers when they arrived. *Id.* at 137.

Upon review, the foregoing evidence demonstrates probable cause for Appellant's arrest. The fact that Appellant disagreed with Tenant's account of the altercation does not defeat probable cause.[9] Although Appellant was later acquitted, an acquittal does not conclusively establish a lack of probable cause. *See Tomaskevitch*, 717 A.2d at 33. We conclude that the trial court did not err in determining that Appellant did not sufficiently plead a claim for malicious prosecution, and even if he had, he presented no evidence to maintain that cause of action. Thus, the trial court properly removed this claim from the jury.

## B. Compulsory Nonsuit

Next, Appellant contends that the trial court erred by entering compulsory nonsuit in favor of Appellees based on the statute of limitations and lack of evidence.

"A trial court may enter a compulsory nonsuit on any and all causes of action if, at the close of the plaintiff's case against all defendants on liability, the court finds that the plaintiff has failed to establish a right to relief." *Scampone*,

---

[9] By Appellant's own account, he initiated eviction proceedings against Tenant and had attempted to access the property to address an issue with the heating system. O.R., Complaint ¶¶25-26. Tenant denied Appellant access to the property. *Id.* ¶27. Appellant sought a police escort to enter the property, but was advised he needed a Writ to Enter, which he did not obtain. *Id.* On November 6, 2011, Appellant visited the property and was admitted by Tenant's son. *Id.* at ¶28. Appellant checked the heating system and determined it was functioning properly. *Id.* ¶¶28-29. Tenant entered the basement, grabbed Appellant, told him to get out of her house, and struck him. *Id.* ¶30. When officers arrived at the scene, Appellant identified himself as an authorized agent, there to fix the heating system. *Id.* ¶32. Appellant testified that Tenant assaulted him. N.T., 11/3/16, at 61.

11

57 A.3d at 595; *accord* Pa. R.C.P. No. 230.1. The purpose of a motion for compulsory nonsuit is to allow the defendant to test the sufficiency of the plaintiff's evidence. *Harnish v. School District of Philadelphia*, 732 A.2d 596, 598 (Pa. 1999). Entry of a compulsory nonsuit is proper where the plaintiff has not introduced sufficient evidence to establish the necessary elements to maintain a cause of action. *Id.* The trial court must give the plaintiff the benefit of all reasonable inferences arising from the evidence. *Scampone*, 57 A.3d at 595; *Harnish*, 732 A.2d at 597.

The statute of limitations may form a basis for compulsion of nonsuit. *See Henry v. Allegheny County*, 169 A.2d 874 (Pa. 1961) (recognizing the statute of limitations may form the basis for nonsuit or its removal); *McCauley v. Owens-Corning Fiberglas Corp.*, 715 A.2d 1125, 1131 (Pa. Super. 1998) (same). In Pennsylvania, an action for assault, battery, false imprisonment, or false arrest must be commenced within two years. Section 5524(1) of the Judicial Code, 42 Pa. C.S. §5524(1). Similarly, a cause of action for negligence also carries a statute of limitations of two years. Section 5524(2) of the Judicial Code, 42 Pa. C.S. §5524(2).

Here, at the close of Appellant's evidence, Appellees moved for compulsory nonsuit under Pa. R.C.P. No. 230.1, by renewing their statute of limitations challenges and asserting insufficient evidence to establish a right to relief. The trial court considered the causes of action asserted, the applicable statute of limitations for those actions, and the evidence presented, extending to Appellant all favorable inferences. Ultimately, the trial court entered nonsuit in favor of Appellees on Counts II and III. N.T., 11/3/16, at 99-104.

With regard to Count II, Appellant claimed that Appellees, acting in concert "to deprive [Appellant] of his right to be free of unreasonable seizures,

12

effected by negligent failure to conduct a reasonable investigation into facts known to them at the time of arrest, deliberate indifference and fraudulent utterance to authorities in violation of 18 Pa.C.S.[] [§]4904." O.R. at 258. The trial court interpreted this cause of action as asserting assault and battery, false arrest, or even false imprisonment, all of which have a two-year statute of limitations. N.T., 11/3/16, at 100. The trial court also determined that, insofar as Appellant asserted a negligence claim for failure to conduct a reasonable investigation, it was likewise barred by a two-year statute of limitations. *Id.* at 101. The incident occurred on November 6, 2011. However, Appellant did not file his Complaint until March 18, 2014 – more than two years after the statute of limitations had run. Thus, we conclude that the trial court did not err in dismissing all possible claims in Count II as untimely. We discern no error in the trial court's refusal to remove the nonsuit.

As to Count III, Appellant claimed that Tenant designed and executed a scheme to defraud and incarcerate Appellant by making fraudulent utterances to authorities in violation of Section 4904 of the Crimes Code, 18 Pa. C.S. §4904.[10]

---

[10] This section provides:

> (a) In general.—A person commits a misdemeanor of the second degree if, with intent to mislead a public servant in performing his official function, he:
>
>   (1) makes any written false statement which he does not believe to be true;
>
>   (2) submits or invites reliance on any writing which he knows to be forged, altered or otherwise lacking in authenticity; or
>
>   (3) submits or invites reliance on any sample, specimen, map, boundary mark, or other object which he knows to be false.

18 Pa. C.S. §4904.

This appears to state a claim for abuse of process. "The tort of 'abuse of process' is defined as the use of legal process against another 'primarily to accomplish a purpose for which it is not designed.'" *Shiner v. Moriarty*, 706 A.2d 1228, 1236 (Pa. Super. 1998) (quoting *Rosen v. American Bank of Rolla*, 627 A.2d 190, 192 (Pa. Super. 1993)). "To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Id.*

The statute of limitations for malicious abuse of process is two years, 42 Pa. C.S. §5524(1), and accrues on the date the alleged abuse occurred. *P.J.A. v. H.C.N.*, 156 A.3d 284, 289 (Pa. Super.), *appeal denied*, 170 A.3d 1019 (Pa. 2017). Setting aside apparent statute of limitations problems, Appellant made no allegation to support his claim that Tenant abused any legal process by knowingly providing false information to authorities. As the trial court pointed out, there are no statements alleged in the factual averments that Tenant actually made. N.T., 11/3/16, at 102, 104. "In other words, there isn't an averment here that she said certain things to police officers." *Id.* at 103. Upon review, the entry of a compulsory nonsuit was proper, and there is no basis to remove it.

## C. Res Judicata, Collateral Estoppel and Coordinate Jurisdiction

Finally, Appellant argues that the trial court violated principles of res judicata, collateral estoppel and coordinate jurisdiction. More particularly, Appellant challenges Judge Erdos' removal of the malicious prosecution count and entry of nonsuit, despite prior rulings by different judges on the same bench overruling POs and partially denying summary judgment. Appellant asserts that co-

14

equal judges of the same court cannot overrule one another, where the parties, facts, issues and relief sought are identical, without intervening materially relevant circumstances. Appellant believes these principles precluded Judge Erdos from removing the malicious prosecution claim from the jury at trial and entering nonsuit on the other claims.

Res judicata encompasses two related, yet distinct principles: res judicata (claim preclusion) and collateral estoppel (issue preclusion). *Robinson v. Fye*, 192 A.3d 1225, 1231-32 (Pa. Cmwlth. 2018). As this Court has explained:

> Res judicata, or claim preclusion, applies only when there exists a "coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued."

*Id.* at 1231 (Pa. Cmwlth. 2018) (quoting *J.S. v. Bethlehem Area School District*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002), *appeal denied*, 818 A.2d 506 (Pa. 2003)). Res judicata precludes future suit between the parties for the same cause of action. *Id.* Res judicata encompasses claims actually litigated and those that could have been litigated. *Id.*

Under collateral estoppel or issue preclusion, issues of fact or law may not be relitigated in a subsequent suit if, in a prior suit, these (1) same issues were (2) necessary for a final judgment on the merits, and the party against whom collateral estoppel is asserted (3) was a party to the prior action, and (4) had a full and fair opportunity to litigate the issue in question. *Robinson*, 192 A.3d at 1231-32. The purpose of collateral estoppel is to protect litigants from relitigating the same issue with the same party and to promote judicial economy. *Id.* at 1232.

15

Under the rule of coordinate jurisdiction, "upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge." *Zane v. Friends Hospital*, 836 A.2d 25, 29 (Pa. 2003). "[C]onsistent with the law of the case doctrine, the coordinate jurisdiction rule serves to protect the expectations of the parties, to insure uniformity of decisions, to maintain consistency in proceedings, to effectuate the administration of justice, and to bring finality to the litigation." *Id.*

Although Appellant properly recites the above principles in his brief, he misapplies them to his case. Appellant appears to argue that because one trial court judge overruled POs in the nature of demurrer to his false arrest claims, and another trial court judge denied summary judgment as to Count II, that this precluded the third trial court judge on the same court from removing a malicious prosecution claim from the jury and entering nonsuit.

As our Supreme Court has held, different judges may rule on different motions, explaining:

> Where the motions differ in kind, as [POs] differ from motions for judgment on the pleadings, which differ from motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion. However, a later motion should not be entertained or granted when a motion of *the same kind* has previously been denied, unless intervening changes in the facts or the law clearly warrant a new look at the question.

*Goldey v. Trustees of University of Pennsylvania*, 675 A.2d 264, 267 (Pa. 1996) (emphasis in original).

In this case, the motions were different and occurred at different points in the proceedings. First, Tenant filed a demurrer on the basis that Appellant failed

16

to allege facts that would set forth a cause of action for false arrest in Count III, which Judge Colins overruled. Next, City Appellees filed a motion for summary judgment to Counts I and II. They asserted that Count I set forth a claim for false arrest and Count II appeared to bring a claim for assault and battery. They argued that both claims were barred by the statute of limitations. Judge Ceisler granted summary judgment in favor of City Appellees regarding Count I of the Complaint because that claim was time-barred by the statute of limitations, but denied the motion with respect to Count II, without explanation. Notably, City Appellees did not move to dismiss a malicious prosecution claim, and Judge Ceisler did not rule that Appellant pled a malicious prosecution claim.

Contrary to Appellant's assertions, these prior rulings on these motions did not preclude Judge Erdos from ruling on the nonsuit. *See Goldey.* Following the presentation of Appellant's evidence at trial, Appellees moved for nonsuit. Judge Erdos, after considering potential claims asserted and hearing the evidence presented, determined that Appellant did not set forth a cause of action for malicious prosecution and entered nonsuit in favor of Appellees with regard to the remaining claims. Judge Erdos' ruling did not implicate or violate the principles of res judicata, collateral estoppel or coordinate jurisdiction. Judge Erdos ruled on a different motion at a different point in the proceeding. Because it did not appear with certainty in the preliminary stages whether the law would permit no recovery, the trial court resolved any doubt in Appellant's favor and allowed the case to proceed to trial. *See Ford v. American States Insurance Co.*, 154 A.3d 237, 244 (Pa. 2017) (stating the standard for ruling on motions for summary judgment); *Pennsylvania Independent Oil & Gas Association v. Department of Environmental Protection*, 135 A.3d 1118, 1123 (Pa. Cmwlth. 2015), *aff'd*, 161 A.3d 949 (Pa. 2017) (stating the standard for

ruling on POs). However, in the trial stage, Judge Erdos concluded that Appellant failed to present a malicious prosecution claim and failed to establish any right to relief on the other plausible causes of action contained in his Complaint. Thus, he properly entered nonsuit. Upon review, we conclude that Judge Erdos did not violate the principles of res judicata, collateral estoppel or coordinate jurisdiction by entering nonsuit in favor of Appellees.

## IV. Conclusion

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

18

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Sekema Gentles, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : No. 452 C.D. 2017 |
| | : | |
| City of Philadelphia, Matthew Kalita, | : | |
| Thomas Hayes, and Linda Green | : | |

## O R D E R

AND NOW, this 25th day of February, 2019, the order of the Court of Common Pleas of Philadelphia County, dated December 21, 2016, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge