J-S40001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHARON HAYNES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHNSON CONTRACTING AND | : | No. 3494 EDA 2019 |
| WAYNE JOHNSON | : | |

Appeal from the Judgment Entered February 13, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 180200827

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                **FILED DECEMBER 09, 2020**

Appellant, Sharon Haynes, appeals from the judgment entered on February 13, 2020, in favor of Appellees, Johnson Contracting and Wayne Johnson, after the trial court denied Appellant's motion to remove nonsuit. We affirm.

The trial court summarized the relevant facts and procedural history of this matter as follows:

>    [Appellant] filed a law suit against [Appellees] alleging that [Appellees] breached their contract when [Appellees] did not adequately repair [Appellant's] residence. On September 3, 2019, a three-day jury trial commenced. On September 5, 2019, [Appellees] made an oral Motion for Non-Suit alleging that [Appellant] did not meet her burden to prove all elements of her case. The court granted [Appellees'] Non-Suit Motion. On

_____

[*] Retired Senior Judge assigned to the Superior Court.

September 16, 2019, [Appellant] filed a Post-Trial Motion to remove the non-suit and for the court to grant a new trial. The court scheduled [Appellant's] Post-Trial Motion hearing for October 21, 2019, where [Appellant] argued that the court erred in granting [Appellees'] Non-Suit Motion and erred in denying [Appellant's] continuances. On October 21, 2019, the court denied [Appellant's] Post-Trial Motion. On November 21, 2019, [Appellant] filed [her] notice of appeal to Superior Court.

Trial Court Opinion, 1/13/20, at 1-2.[1]   Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

1. Did the Trial Court abuse its discretion and/or err as a matter of law in granting the Appellees' motion for non-suit because: (1) Appellees offered numerous documents into evidence after Appellant established a *prima facie* case of breach of contract; (2) the Appellees failed to complete the work in the time period expressly stated in the contract; and (3) the Appellees' work was so poor or shoddy that Appellant was compelled to hire new contractors to correct the hundreds of defects?

Appellant's Brief at 4.

_____

[1] The trial court denied Appellant's motion to remove nonsuit and motion for a new trial on October 21, 2019.  On November 21, 2019, Appellant filed an appeal from the October 21, 2019 order.  On February 11, 2020, this Court notified Appellant that judgment had not been entered in this matter pursuant to Pa.R.A.P. 301.  Order, 2/11/20.  Additionally, we informed Appellant that her appeal properly lies from the entry of judgment and not the order denying her post-trial motion to remove nonsuit.  **Id.** (citing **Rachlin v. Edmison**, 813 A.2d 862 (Pa. Super. 2002) (*en banc*)).  On February 13, 2020, Appellant filed a praecipe for the entry of judgment, and judgment was entered in favor of Appellees.  On February 20, 2020, this Court acknowledged the entry of the February 13, 2020 judgment and discharged our February 11, 2020 order.  Accordingly, Appellant's appeal properly lies from the February 13, 2020 judgment, and we have corrected the appeal paragraph accordingly.

We review a trial court's denial of a motion to remove nonsuit under the following parameters:

> A motion for compulsory non-suit allows a defendant to test the sufficiency of a plaintiff['s] evidence and may be entered only in cases where it is clear that the plaintiff has not established a cause of action; in making this determination, the plaintiff must be given the benefit of all reasonable inferences arising from the evidence. When so viewed, a non-suit is properly entered if the plaintiff has not introduced sufficient evidence to establish the necessary elements to maintain a cause of action; it is the duty of the trial court to make this determination prior to the submission of the case to the jury. When this Court reviews the grant of a non-suit, we must resolve all conflicts in the evidence in favor of the party against whom the non-suit was entered.
>
> A compulsory non-suit is proper only where the facts and circumstances compel the conclusion that the defendants are not liable upon the cause of action pleaded by the plaintiff.

***Int'l Diamond Importers, Ltd. v. Singularity Clark, L.P.***, 40 A.3d 1261, 1274 (Pa. Super. 2012) (citation omitted). This Court will reverse a trial court's order denying a motion to remove a nonsuit where the trial court either abused its discretion or committed an error of law. ***Scampone v. Grane Healthcare Company***, 169 A.3d 600, 611 (Pa. Super. 2017).

In her brief, Appellant avers that the trial court was precluded from granting Appellees' motion for nonsuit pursuant to Pa.R.C.P. 230.1 because Appellees introduced evidence at trial, and the trial court relied on Appellees' evidence. Appellant's Brief at 11-15.[2] Specifically, Appellant contends that

_____

[2] Briefly, we note that in Appellant's Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Appellant purported to raise additional claims of trial

- 3 -

Appellees introduced evidence during their cross-examination of Appellant at trial. *Id.* at 11. Appellant avers that nonsuit is not permitted after the defense introduces evidence and asserts: "The Rule [(Pa.R.C.P. 230.1)] plainly states, 'in a case involving only one defendant, at the close of plaintiff's case on liability *and before any evidence on behalf of the defendant has been introduced*… the court… may enter nonsuit.'" *Id.* at 11 (emphasis in original).

After review, we note that Rule 230.1 did at one time contain the preclusion that Appellant raises. Pa.R.C.P. 230.1, cmt. However, the Rule was amended in 2001, and Appellant's position is no longer the law in Pennsylvania.

_____

court error. Specifically, Appellant alleged that the trial court erred or abused its discretion in denying her motion for a continuance, averred that the testimonial evidence supported her claim for relief, and contended that the trial court's order granting nonsuit "shocked the conscience." Appellant's Pa.R.A.P. 1925(b) Statement, 12/16/19, at 2-3. Although the trial court addressed Appellant's assertions of error in its Pa.R.A.P. 1925(a) opinion and concluded that her issues were waived, Trial Court Opinion, 1/13/20, at 1-6, Appellant did not present these issues or argue them in any meaningful fashion on appeal. Accordingly, apart from Appellant's challenge concerning Pa.R.C.P. 230.1, the issues Appellant raised in her Pa.R.A.P. 1925(b) statement are waived due either to their absence from Appellant's brief or Appellant's failure to develop or support them with relevant legal authority. *See Korn v. Epstein*, 727 A.2d 1130, 1135 (Pa. Super. 1999) (providing that issues which are undeveloped and unsupported by relevant legal authority are waived on appeal); *see also In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a … discussion of the particular point raised along with discussion and citation of pertinent authorities[;] … [t]his Court will not consider the merits of an argument which fails to cite relevant [legal] authority.") (internal citations and quotation marks omitted).

- 4 -

Prior to the 2001 amendments, Pa.R.C.P. 230.1 provided that nonsuit could be entered only before any evidence on behalf of the defendant is introduced, but this limitation was removed from the current and applicable version of the rule. *See* Pa.R.C.P. 230.1 and the explanatory comment thereto (stating that prior versions of Rule 230.1 allowed the entry of nonsuit only where the defense had not introduced evidence; however, following our Supreme Court's decision in *Harnish v. School District of Philadelphia*, 732 A.2d 596 (Pa. 1999), the 2001 amendments to Pa.R.C.P. 230.1 clarified that when the defense has introduced evidence, the trial court shall consider the plaintiff's evidence and defendant's evidence that is "favorable to the plaintiff"). Accordingly, the current version of Rule 230.1 provides, in relevant part, as follows:

> (a)(1) In an action involving only one plaintiff and one defendant, the court, on oral motion of the defendant, may enter a nonsuit on any and all causes of action if, at the close of the plaintiff's case on liability, the plaintiff has failed to establish a right to relief.
>
> (2) The court in deciding the motion shall consider only evidence which was introduced by the plaintiff and any evidence favorable to the plaintiff introduced by the defendant prior to the close of the plaintiff's case.

Pa.R.C.P. 230.1(a). The Note to Pa.R.C.P. 230.1(a) states, "Subdivision (a) changes the prior practice whereby the entry of a compulsory nonsuit was precluded when any evidence had been presented by the defendant." *Id.*

Herein, although Appellees cross-examined Appellant and introduced evidence, that factor is no longer a bar to the entry of nonsuit. Pa.R.C.P.

230.1(a). Moreover, despite Appellant's transitory argument to the contrary, Appellant's Brief at 15, there is no basis upon which we can conclude that the trial court relied on evidence favorable to Appellees. Indeed, the record reflects that the trial court plainly held that the basis for granting Appellees' motion for nonsuit was Appellant's failure to establish damages. N.T. (Trial), 9/5/19, at 32-33. The trial court noted that other than Appellant being dissatisfied with the work Appellees performed, there was no evidence concerning the amount of damages, and Appellant provided no expert testimony. *Id.* at 31-32. The trial court concluded:

> However, in this case, the fear of sending conjecture or speculative damages back to the jury without an expert, without anything that would sustain and give foundation to those damages, gives me serious concern. And because of that conjecture and speculative nature of the testimony and supposed damages, I'm going to grant the nonsuit.

*Id.* at 33.

The trial court based its decision on Appellant's failure to produce evidence and not upon any evidence that was introduced by and favorable to Appellees. Accordingly, we discern no error of law or abuse of discretion in the trial court denying Appellant's motion to remove nonsuit. *Scampone*, 169 A.3d at 611.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Therefore, we affirm the judgment entered in favor of Appellees.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/20